**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER HILL,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-915-Orl-31JGG**

**FLORIDA INDUSTRIAL ELECTRIC, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **JOINT MOTION FOR APPROVAL OF THE SETTLEMENT (Doc. No. 31)**
>
> **FILED:**      **February 9, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    BACKGROUND

Plaintiff Christopher Hill seeks to hold Defendant Florida Industrial Electric, Inc. liable for allegedly failing to pay him overtime wages in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  On January 9, 2007, the parties filed a joint stipulation of dismissal with prejudice in which they asked the district court to dismiss the case with prejudice, but to retain jurisdiction to enforce the terms of the "confidential settlement agreement."  Docket No. 23.  Upon consideration of the joint stipulation, the Honorable Gregory A. Presnell stated that the

Court would not retain jurisdiction to enforce a confidential settlement agreement and that under the FLSA, the parties were required to submit their settlement agreement for approval by the Court; and ordered the parties to file the settlement agreement and "motion for approval" on or before January 31, 2007. Docket No. 24.

The parties next filed another joint stipulation of dismissal with prejudice in which the parties again asked the district court to dismiss the case with prejudice, but to retain jurisdiction to enforce the terms of the "confidential settlement agreement." Docket No. 25 at 1. The parties also filed a copy of the Settlement Agreement as an exhibit to their joint stipulation. *Id.* at 2 - 5. According to the terms of the Settlement Agreement, Defendant agreed to pay "on or before December 29, 2006, one check payable to the Cellar Legal Group Trust Account which shall included [sic] all back wages, liquidated, [sic] damages, and attorneys' fees and costs owed in this action in the amount of $5,250.00." *Id.* at 3, ¶ 3. Attorney Richard Cellar is counsel for Plaintiff.

Upon consideration of the second joint stipulation, Judge Presnell ordered the parties to submit "a breakdown of monies paid to Plaintiff versus fees paid to his counsel" and "a motion for approval of their settlement agreement" on or before January 29, 2007. Docket No. 26. In response, the parties filed a "Notice of Compliance with Court Order Regarding Settlement" in which they advise that Court:

> Following the filing of Plaintiff's Court Interrogatories, Defendant provided all of Plaintiff's pay and time records for the relevant time period. Based on these records, the parties agreed that Plaintiff was owed an unliquidated sum of $248.00 and a liquidated sum of $496.00. In light of the release and confidentiality provisions agreed to by Plaintiff, Plaintiff is to receive the total sum of $1,000.00 pursuant to the settlement of the parties. The remaining $4,250.00 is assigned for payment of Plaintiff's attorneys' fees and costs . . .

Docket No. 27 at 1. The Court ordered that the parties' Notice be stricken for failure to file a motion for approval of the settlement in compliance with Judge Presnell's order; that the parties file a joint motion for approval of the settlement that "explains why the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute" and "why the breakdown of the amount to be paid to Plaintiff versus the amount to be paid to Plaintiff's counsel was reasonable . . ."; and that the parties explain why they agreed that Plaintiff was owed $496 when Plaintiff earlier claimed he was owed $8,400 exclusive of fees and costs. Docket No. 28 at 3. The Court further ordered the parties to file support for the amounts claimed, including the fee ledger, time sheets, or attorney billing records of Plaintiff's counsel. *Id.*

On January 26, 2007, Plaintiff filed an Unopposed Motion to Approve Settlement. Docket No. 29. In the motion, Plaintiff explains that initially, Plaintiff calculated his overtime hours by adding the 40.5 overtime hours recorded on his employee time cards plus unrecorded travel time. Plaintiff therefore claimed he was owed $8,400. *Id.* at 1. Subsequent to Plaintiff's initial calculation, however, Defendant produced documents "from a Department of Labor audit/determination involving Defendant which determined that the additional travel time claimed was not compensable." *Id.* at 1-2. Based on this information, Plaintiff adjusted his overtime calculations to reflect only the 40.5 overtime hours pursuant to his time cards. *Id.* at 2. Plaintiff then determined that he was owed $243 in overtime wages plus $243 in liquidated damages for a total of $486 in damages. *Id.* In the motion, Plaintiff also states that "Plaintiff received [sic] $500.00 – more than his unpaid wages and liquidated damages – as a settlement in this case." *Id.*

In support of the motion, Plaintiff submitted a ledger of attorneys' fees and costs. Docket No. 29-2. The ledger shows that Cellar (Plaintiff's counsel) worked 22.3 hours at an hourly rate of $300,

and that attorney Kelly Amritt (who is not listed as Plaintiff's counsel) worked 1.6 hours at an hourly rate of $250 (for a total of $7,090 in attorneys' fees). Plaintiff also provided a breakdown of costs – $350 for the filing fee of the Clerk and $65 for the process server fee – and an invoice from the process server. *Id.* at 5; Docket No. 29-3. Thus, according to the ledger, the attorney's fees and costs incurred in this case total $7,505. In his motion, Plaintiff notes that the fee ledger shows fees and costs in excess of $7,000, but that Plaintiff's counsel "cut his fees and costs almost in half to $4,750 to get the case settled so as to not delay payment to Plaintiff." Docket No. 29 at 3.

On February 9, 2007, the Court denied without prejudice Plaintiff's Unopposed Motion to Approve Settlement. Docket No. 30. The Court observed that the parties made inconsistent statements about the amount to be paid to Plaintiff versus the amount to be paid to Plaintiff's counsel, and that therefore, the Court could not determine whether the settlement is a fair and reasonable resolution of the case. *Id.* at 7. The Court further ordered the parties to file a joint motion for approval of the settlement on or before February 23, 2007. *Id.* at 8.

The parties filed their Joint Motion for Approval of Settlement Agreement (now before the Court) on February 15, 2007. Docket No. 31. The parties jointly request that the Court approve the Settlement Agreement and dismiss the case with prejudice. The parties clarify that under the terms of the agreement, Plaintiff will receive $500, and Plaintiff's counsel will receive $4,750. *Id.* at 1. The parties also refer the Court to their earlier filings, including Plaintiff's ledger of fees and costs and the copy of the Settlement Agreement, as support for their motion. *Id.* They further state that they "agree that [the] settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues." *Id.* at 3.

**II.     THE LAW**

    **A.     Approval of Settlements**

Congress enacted the FLSA to protect workers from low wages and long hours that can result from the inequality in bargaining power between employers and employees. The FLSA, therefore, provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be. . . ." 29 U.S.C. §216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances generally are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two circumstances in which FLSA claims may be compromised are claims that are 1.) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c) and 2.) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Before the Court may approve the settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit does reflect "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *MacKenzie v. Kindred Hosp. East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).

In determining whether the settlement is a fair and reasonable resolution, the Court adopts the factors used in approving the settlement of class actions:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). When considering these factors, the Court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977). Moreover, the Court is aware, as the parties must also be, that a "settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir.1995), *citing Cotton*, 559 F.2d at 1330.

### B.  Awards of Reasonable Attorneys' Fees and Costs

An award of "reasonable attorneys' fee[s] . . . and costs" is mandatory under § 216(b) if the employer is held liable. Although the court is obligated to award the attorneys' fees, Congress's use of the word "reasonable" confers discretion upon the court to determine the amount of fees to be awarded. In determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, the lodestar generally is recognized as a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. *See*

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988).

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. *See, e.g., Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). This makes sense, as most settlements of collective actions involve a lump sum settlement with an amount to be deducted for attorneys' fees. In such cases, it is necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs.

The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

The award of costs is made in accordance with 28 U.S.C. § 1920. *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1169 (S.D. Fla. 2003). In an FLSA action, it is error for a district court to award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under §216(b) that exceeded the amount allowed by § 1920). Likewise, a district court must identify reasons for denying costs to

a prevailing party so that the appellate court has some basis to review whether the district court acted within its discretionary power. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995).

### III.    APPLICATION

Upon consideration of the pleadings and filings in this action, the Court finds that this case involved a bona fide dispute as to liability and the amount owed. As Plaintiff explained, the parties originally disagreed on whether to include Plaintiff's travel time as part of his overtime hours. The parties, however, have agreed to settle this case, and both ask that the case be dismissed. *See* Docket Nos. 23, 31.

Further, the joint motion urges the court to approve the settlement agreement because they agree that the Settlement Agreement "reflects a reasonable compromise of the disputed issues." Docket No. 31 at 3. In terms of fairness of the settlement, each party was independently represented by counsel. Counsel were obligated to vigorously represent their clients' rights. The Court finds settlement of the action in favor of certainty was fair and reasonable.

As part of this motion for approval of the settlement, Plaintiff's counsel submitted itemized billing records supporting the hours worked on the case. The high hourly rate charged by Plaintiff's counsel in this case ($300 per hour for lead counsel, and $250 per hour for the attorney who is not listed as Plaintiff's counsel) may exceed the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience, although the parties presented no evidence regarding reasonable market rates.

Comparing the amount of the Plaintiff's recovery to the attorneys' fees to be paid and considering Plaintiff's explanation regarding his claims for travel time, however, the Court does not find that the amount of attorneys' fees is grossly excessive. *See, e.g., Goss*, 248 F. Supp. 2d at 1169

(denying attorney's fees of more than $16,000 when plaintiff recovered $316 in back wages). Counsel expended $7,505 in fees and costs, and will receive $4,750 under the terms of the Settlement Agreement. The compromise, therefore, properly reduced counsel's hourly rate.

Furthermore, Defendant joins in moving for the approval of the proposed settlement. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Therefore it is

**RECOMMENDED THAT**

1.  The Joint Motion for Approval of Settlement Agreement [Docket No. 31] be **GRANTED**;

2.  The Settlement Agreement [Docket No. 25] be **APPROVED**;

3.  The case be dismissed with prejudice; and

4.  The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on February 16, 2007.

*[signature]*
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record
Unrepresented Party
Courtroom Deputy